UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTOINETTE LUNDY,

                                CASE NO.

    Plaintiff,

vs.

OPTHALMIC PARTNERS OF FLORIDA,
P.A., INC.,

    Defendant.
_____

## COMPLAINT

**COMES NOW** the Plaintiff, **ANTOINETTE LUNDY** by and through the undersigned counsel, and alleges the following:

1. This is an action instituted pursuant to Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000e et. seq., for damages based on an employment practice committed by the Defendant, **OPTHALMIC PARTNERS OF FLORIDA, P.A.**

2. The claims asserted in this Complaint arose in the above named jurisdiction. Plaintiff was a resident of the County of Volusia, State of Florida, during the course of his employment with Defendant.

3. Defendant is a professional association established pursuant to the laws of the State of Florida. Any and all allegations contained herein occurred at Defendant's location in Daytona Beach, Florida.

4. A charge of employment discrimination was filed with the United States Equal Employment Opportunity Commission within three hundred (300) days of the unlawful employment practice.

5. On or about April 22, 2019, the Plaintiff received the attached Right to Sue Letter indicating that Plaintiff had ninety (90) days within which to file a lawsuit. See attached exhibit "A".

6. Plaintiff has exhausted any and all administrative remedies and filed this action within ninety (90) days of receipt of the attached Right to Sue letter.

## COUNT I: HARASSMENT BASED UPON RACE

7. On or about June 2016, Plaintiff was hired by the Defendant to work in the position of a front desk coordinator.

8. Plaintiff was terminated by the Defendant on or about November 27, 2017.

9. Plaintiff's race is African-American.

10. During the time the Plaintiff was employed by the Defendant, one of the Defendant's owner/partners made several statements to the Plaintiff based upon Plaintiff's race.

11. Defendant's owner/ partners specifically indicated to the Plaintiff that black people can never make up their minds, Defendant's owner/partner did not know that black people , Defendant's owner/partner referred to an African-American movie indicating this was how black grandmothers acted and asked the Plaintiff if her grandmother acted like that, Defendant's owner/partner stated that the Plaintiff was obsessed with her hair asking her why she spent so much money and indicated black women love to have their hair weaved, Defendant's owner/partner and stated to Plaintiff she did not feel comfortable going to a black movie and asked if the Plaintiff would go along with her, Defendant's owner/ partner and Defendant's manager asked Plaintiff, to go to a restaurant in the African-American section of town to pick up lunch for the office because the Plaintiff

was African-American and they did not feel comfortable going, Defendant's owner/ partner indicated that the Plaintiff talked to get all, Defendant's owner/manager talk to Plaintiff in a very slow tone of voice implying that the Plaintiff was not smart, Defendant's owner/ partner told the Plaintiff not to talk it over to the m customers and not to talk street slang to the customers. Defendant's owner's/partner, when looking at a genetic deformity on plaintiff's hand stated that the Plaintiff had monkey hands .

12. The actions of Defendants owner\partner in Defendant's manager were harassment based upon the Plaintiffs race in violation of the Federal equal employment opportunities act, r 42 U.S.C. section 2000 e- et seq.

13. As a result, plaintiff suffered mental anguish and humiliation.

14. Defendant's actions in harassing Plaintiff during employment were willful and intentional.

15. Plaintiff, **ANTOINETTE LUNDY** has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, **ANTOINETTE LUNDY** demands damages for the following:

    A. An Order enjoining Defendant from any past or future violations of the Federal equal employment opportunities act, 42 U.S.C. section 2000 e et. seq.

    B. Compensatory damages for Plaintiff's mental anguish, embarrassment, humiliation and other sums to which Plaintiff, **ANTOINETTE LUNDY** is entitled.

    D. Costs and disbursements incurred in the prosecution of this action including reasonable attorneys' fees pursuant to the Federal Equal Employment

Opportunities Act, 42 U.S.C. section 2000e et. seq..

D. Punitive damages for Defendant's reckless and intentional violation of the act.

E. Granting such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's, unlawful employment practices.

F. Trial by jury.

Respectfully submitted on June 25, 2019.

/s/ David W. Glasser
DAVID W. GLASSER, ESQUIRE
116 Orange Avenue
Daytona Beach, Florida   32114
Telephone: 386-252-0175
Facsimile: 386-257-0246
Fla. Bar No. 780022
Email: david@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Antoinette Lundy<br>106 Carl Brinkley Circle, Apt. 106<br>Daytona Beach, FL 32124 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2018-02259 | Haidy Elshater,<br>Investigator | (305) 808-1756 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nitza Santo Wright*

Michael J. Farrell,
District Director

APR 17 2019 (Date Mailed)

Enclosures(s)

cc: Central Florida Retina/Ophthalmic Partners
c/o Jason Rubinstein, Administrator.
529 Health Blvd.
Daytona Beach, FL 32124

**Charging Party Representative**
c/o David W. Glasser, Esq.
David W. Glasser
116 Orange Avenue
Daytona Beach, FL 32114

EXHIBIT "A"

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.